1 | Effie F. Anastassiou, Esq. (SBN 96279)
2 | Denis Klavdianos, Esq. (SBN 225925)
  | Anastassiou & Associates
  | 242 Capitol Street
3 | Post Office Box 2210
  | Salinas, California 93902
4 | (831) 754-2501
  | FAX (831)754-0621
5 |
6 | Attorneys for Plaintiff
  | MARTINEZ FARMS ORGANIC, INC.
7 |

FILED
2007 JUN -7 A 11:46
RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

MARTINEZ FARMS ORGANIC, INC., A California Corporation,

    Plaintiff,

v.

MC PRODUCE DISTRIBUTING, INC., A California Corporation, MANUEL CUEVAS, an individual; and Does 1 through 20, inclusive

    Defendants.

CASE NO. C07 02975 PVT

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:

1. BREACH OF CONTRACT;
2. VIOLATIONS OF THE PERISHABLE AGRICULTURAL COMMODITIES ACT ("PACA") FOR FAILURE TO PROMPTLY ACCOUNT AND PAY PROMPTLY [7 U.S.C. §§499b(4) AND 499(e)(a)];
3. CONVERSION;
4. UNJUST ENRICHMENT; AND
5. BREACH OF ORAL GUARANTY.

DEMAND FOR JURY TRIAL

The Plaintiff, MARTINEZ FARMS ORGANIC, INC., a California corporation ("PLAINTIFF"), alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to 7 U.S.C. § 499e(c)(5) [The Perishable Agricultural Commodities Act ("PACA")], and 28 U.S.C. §1331. This court also has jurisdiction over any remaining claims under 28 U.S.C. §1367(a). Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and (c).

# PARTIES

2. PLAINTIFF is, and has at all relevant times herein been, a California corporation, with its principal business office located in Santa Cruz County, California.

3. On information and belief, Plaintiff alleges that Defendant, MC PRODUCE DISTRIBUTING, INC. (hereinafter, "MC PRODUCE"), is, and has at all relevant times herein been, a California corporation, with its principal business office located in Los Angeles County, California.

4. On information and belief, PLAINTIFF alleges that Defendant, MANUEL CUEVAS, (hereinafter, "MANUEL") is an individual who has at all relevant times herein maintained a residence within the State of California. On information and belief, PLAINTIFF alleges that at all times relevant herein, MANUEL was an owner, officer, director and/or manager of MC Produce. Herein, MC PRODUCE and MANUEL are sometimes collectively referred to as the "DEFENDANTS".

## FIRST CAUSE OF ACTION

### (For Breach Of Contract By MC PRODUCE)

5. PLAINTIFF realleges and incorporates by reference all allegations contained in paragraphs 1 to 4, inclusive, as if set forth in full herein.

6. At all relevant times herein, MC PRODUCE was engaged in the handling of produce in interstate commerce as a commission merchant, dealer, and/or broker, subject to the provisions of the PACA and the regulations promulgated by the United States Secretary of Agriculture pursuant to the PACA, under PACA License No. 20050785 (May 16, 2005-May 16, 2006), and PACA License No. 20070463 (February 22, 2007-February 22, 2008).

7. On or about June of 2006, PLAINTIFF and MC PRODUCE entered into a series of valid and binding agreements (the "Agreements") in the County of Santa Cruz, California, wherein MC PRODUCE agreed to purchase certain produce from PLAINTIFF (the "Produce"). The Agreements were memorialized in a series of Invoices and related documents, a true and correct copy of which are attached hereto as Exhibit "A" and incorporated herein by reference (the "Invoices").

8. PLAINTIFF duly delivered the Produce to MC PRODUCE in accordance with the terms of the Agreements. PLAINTIFF has fully performed all of its duties and obligations under the

1 Agreements. Upon information and belief, the customers of MC PRODUCE took possession and delivery of the Produce which was the subject of the Agreements, without complaint. Upon information and belief, MC PRODUCE subsequently received payment in full for all such Produce from the customers to whom MC PRODUCE sold the Produce.

9. PLAINTIFF has previously sent to MC PRODUCE the Invoices which set forth the amounts due and owing to PLAINTIFF pursuant to the Agreements for the Produce sold and delivered to MC PRODUCE. However, MC PRODUCE breached the Agreements and the terms of the Invoices by failing to remit to PLAINTIFF the payments due to PLAINTIFF, as stated on the Invoices. There is now due and owing under the Invoices from MC PRODUCE to PLAINTIFF the principal sum of not less than $48,534.52, plus interest on all past due amounts, plus attorneys' fees and costs. This amount continues to increase with each passing day.

10. PLAINTIFF has repeatedly requested that MC PRODUCE perform its duties and obligations under the Agreements, Invoices, and under PACA, and pay the amounts due and owing under said Invoices; however, MC PRODUCE has failed and refused, and continues to fail and refuse, to pay PLAINTIFF for the Produce.

11. As a direct and proximate result of the failure of MC PRODUCE to remit payments due to PLAINTIFF as described above, PLAINTIFF has suffered losses in the amount of at least $48,534.52, plus interest on all past due amounts, plus attorneys' fees and costs.

**SECOND CAUSE OF ACTION**

**(Violations Of PACA For Failure To Account And Pay Promptly By DEFENDANTS)**

12. PLAINTIFF realleges and incorporates by reference all allegations contained in paragraph 1 to 11, inclusive, as if set forth in full herein.

13. Between June 28, 2006 and June 30, 2006, pursuant to the Agreements, PLAINTIFF delivered to MC PRODUCE for resale and delivery to various purchasers in the course of interstate commerce, the Produce, which Produce constituted perishable agricultural commodities, for which MC PRODUCE agreed to pay PLAINTIFF the total sum of not less than $48,534,52.

14. All of the Produce that PLAINTIFF delivered to MC PRODUCE was of the kind, quality, grade and size called for under the terms of the Agreements between the parties.

15. On information and belief, all of the ultimate buyers accepted and paid for the Produce, but MC PRODUCE failed and refused to pay PLAINTIFF the agreed upon sums for said commodities, leaving a balance due to PLAINTIFF in the sum of at least $48,534.52, together with accrued interest from the dates payment was due.

16. PLAINTIFF has repeatedly demanded that MC PRODUCE pay the amounts due stated above, for perishable agricultural commodities sold and delivered to MC PRODUCE as described above. Despite these demands, MC PRODUCE failed and refused to truly, correctly, and accurately account for and make full payment for said perishable agricultural commodities.

17. MC PRODUCE's failure and refusal to pay PLAINTIFF constitutes a violation of 7 U.S.C. §499b(4), which makes it unlawful for any commission merchant, dealer, or broker in or in connection with any transaction in interstate or foreign commerce to fail or refuse truly and correctly to account and make full payment promptly in respect of any transaction in any such commodity to the person with whom such transaction is had, or to fail, without reasonable cause, to perform any specification or duty, express or implied, arising out of any undertaking in connection with any such transaction.

18. Under the provisions of PACA, 7 U.S.C. §499e(a), if any commission merchant, dealer, or broker, such as MC PRODUCE violates any provision of 7 U.S.C. §499b, that commission merchant, dealer or broker shall be liable to the person or persons injured thereby for the full amount of damages sustained in consequence of such violation.

19. On information and belief, MANUEL, at all times material herein, was an insider with actual and constructive knowledge of the PACA and the actions being committed in the name of MC PRODUCE against PLAINTIFF. MANUEL, during all times relevant herein, was responsible for the daily management and control of MC PRODUCE, and, as such, MANUEL, during all relevant times herein, is equally and secondarily liable to PLAINTIFF for the violations of PACA committed by MC PRODUCE, and therefore owes PLAINTIFF for all the damages suffered by PLAINTIFF as a result of the PACA violations by MC PRODUCE.

20. As a direct and proximate cause and result of such violations of PACA by MC PRODUCE and MANUEL, PLAINTIFF has suffered the loss of at least $48,534.52, together with

accrued interest and attorney's fees in an amount to be determined according to proof.

### THIRD CAUSE OF ACTION

**(Conversion By DEFENDANTS)**

21.  PLAINTIFF realleges and incorporates by reference all allegations contained in paragraph 1 to 20, inclusive, as if set forth in full herein.

22.  At all times relevant herein, PLAINTIFF was and is entitled to possession of the specific sums as alleged herein in the total amount of at least $48,534.52.

23.  Beginning in July of 2006, and continuing thereafter, PLAINTIFF has repeatedly demanded the immediate turnover by MC PRODUCE and MANUEL of the above-mentioned sum as it became due, but MC PRODUCE and MANUEL have failed and refused, and continue to fail and refuse, to turn over such sum of money to the PLAINTIFF. On information and belief, one or both of the DEFENDANTS diverted monies due and owing to the PLAINTIFF from the sale of the Produce to themselves.

24.  As a direct and proximate result of the aforementioned wrongful acts of DEFENDANTS, PLAINTIFF has suffered losses in the amount of at least $48,534.52, plus interest on all past due amounts, plus attorneys' fees and costs, plus such other general and special damages to be determined at trial according to proof. In addition, in doing and omitting to do the foregoing, DEFENDANTS are guilty of malice, fraud, and oppression, and therefore, PLAINTIFF is entitled to an award of punitive and exemplary damages.

### FOURTH CAUSE OF ACTION

**(Unjust Enrichment Of DEFENDANTS)**

25.  PLAINTIFF realleges and incorporates by reference all allegations contained in paragraphs 1 to 24, inclusive, as if set forth in full herein.

26.  PLAINTIFF alleges that the DEFENDANTS received the sum of $48,534.52 from PLAINTIFF, which was the reasonable value of the Produce sold by PLAINTIFF to MC PRODUCE, which sum is due and unpaid despite PLAINTIFF's repeated demands for payment, plus prejudgment interest according to proof.

27.  As a direct and proximate result of such activities, DEFENDANTS have been

unjustly enriched and PLAINTIFF has been damaged in amounts according to proof, including attorneys' fees and costs.

## FIFTH CAUSE OF ACTION

### (For Breach Of Oral Guaranty By MANUEL)

28. PLAINTIFF realleges and incorporates by reference all allegations contained in paragraphs 1 to 27, inclusive, as if set forth in full herein.

29. On repeated occasions, both before and after PLAINTIFF entered into the Agreements to sell the Produce to MC PRODUCE as alleged herein, MANUEL orally agreed to act as a surety to the Agreements and the Invoices, and personally guaranteed to fulfill all of MC PRODUCE'S duties and obligations to PLAINTIFF under the terms of the Agreements and the Invoices, if MC PRODUCE for any reason failed to fulfill its duties and obligations to PLAINTIFF under the terms of the Agreements and the Invoices.

30. As a direct and proximate result of the agreements of MANUEL to act as a surety, PLAINTIFF was induced to enter into the Agreements and the Invoices, and to sell the Produce to MC PRODUCE.

31. MANUEL received beneficial consideration from his agreements to act as surety to the Agreements and the Invoices, and his personal guaranties to fulfill all of MC PRODUCE's duties and obligations to PLAINTIFF under the terms of the Agreements and the Invoices because MANUEL has at all relevant times herein been an owner, officer, director, and/or manager of MC PRODUCE. Thus, MANUEL directly benefitted from the Agreements and the Invoices and received monetary and other benefits from the performance of PLAINTIFF's duties and obligations under the Agreements and the Invoices. Given the PLAINTIFF's performance of its duties and obligations under the Agreements and the Invoices, MC PRODUCE was able to market and sell the Produce and to use the proceeds from the sales of the Produce for the benefit of MC PRODUCE and its owner, officer, director and/or manager, MANUEL.

32. PLAINTIFF acted in reasonable reliance on the guaranties of MANUEL and MC PRODUCE is now indebted to PLAINTIFF in a sum of at least $48,534.52. PLAINTIFF has notified MANUEL that MC PRODUCE has failed and refused to pay the sums due to PLAINTIFF

1 as alleged herein, and has made demand to guarantor MANUEL for immediate payment of all sums subject to the personal guaranties; however, to date, MANUEL has failed and refused and continue to fail and refuse to pay PLAINTIFF the amounts due to PLAINTIFF pursuant to the personal guaranties, and no part of those sums due and owing has been paid.

33. PLAINTIFF has performed all covenants, conditions and obligations required to be performed by PLAINTIFF under the personal guaranty agreements described above.

34. As a direct and proximate result of the failure of MANUEL to remit payment to PLAINTIFF as described above, PLAINTIFF has suffered losses in the amount of at least $48,534.52, plus interest, costs and attorneys' fees.

WHEREFORE, Plaintiffs pray for judgment against the DEFENDANTS as follows:

### FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT

1. For actual damages against MC PRODUCE, including incidental and consequential damages, in an amount in excess of $48,534.52, to be proven at trial;
2. For costs of suit, including attorneys' fees;
3. For pre-judgment and post-judgment interest thereon at the highest rate allowed by law from the date the obligation became due and payable to PLAINTIFF, according to proof; and
4. For such other and further relief as the court deems just and proper.

### SECOND CAUSE OF ACTION FOR VIOLATIONS OF PACA FOR FAILURE TO ACCOUNT AND PAY PROMPTLY

1. For judgment requiring the DEFENDANTS to immediately account for and pay the sum of $48,534.52 due to PLAINTIFF for its Produce;
2. For pre-judgment and post-judgment interest thereon at the highest rate allowed by law from the date the obligation became due and payable to PLAINTIFF, according to proof;
3. For costs of suit, including attorneys' fees; and
4. For such other and further relief as the court deems just and proper.

### THIRD CAUSE OF ACTION FOR CONVERSION

1. For value of the monies converted by the DEFENDANTS in the amount of at least $48,534.52;

2. For punitive and exemplary damages, in an amount to be proven at trial;

3. For costs of suit, including attorneys' fees;

4. For pre-judgment and post-judgment interest thereon at the highest rate allowed by law from the date the obligation became due and payable to PLAINTIFF, according to proof; and

5. For such other and further relief as the court deems just and proper.

### FOURTH CAUSE OF ACTION FOR UNJUST ENRICHMENT:

1. For damages against the DEFENDANTS in the sum of at least $48,534.52, which is the reasonable value that is due and unpaid despite PLAINTIFF's demand;

2. For pre-judgment and post-judgment interest thereon at the highest rate allowed by law from the date the obligation became due and payable to PLAINTIFF, according to proof;

3. For costs of suit, including attorneys' fees; and

4. For such other and further relief as the court deems just and proper.

### FIFTH CAUSE OF ACTION FOR BREACH OF ORAL GUARANTY by MANUEL

1. For damages against MANUEL in the sum of at least $48,534.52;

2. For pre-judgment and post-judgment interest thereon at the highest rate allowed by law from the date the obligation became due and payable to PLAINTIFF, according to proof;

3. For costs of suit, including attorneys' fees; and

4. For such other and further relief as the court deems just and proper

### DEMAND FOR JURY TRIAL

PLAINTIFF hereby demands a jury trial.

DATED: June 6, 2007                         ANASTASSIOU & ASSOCIATES

                                            By: _____
                                            Effie F. Anastassiou
                                            Attorneys for Plaintiff
                                            Martinez Farms Organic, Inc.

F:\MFO\MC Produce Litigation\Complaint.wpd